DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| The Cadle Company, | ) | |
| | ) | CASE NO. 4:06 CV 1873 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Reiner, Reiner & Bendett, P.C., | ) | |
| | ) | (Resolving Doc. No. 8) |
| Defendant(s). | ) | |
| | ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 8), defendant's memorandum in opposition (Doc. No. 14) and plaintiff's reply (Doc. No. 15). This Court previously ordered that this motion to remand must be resolved before the pending motion of the defendant to dismiss the entire action because, if remand was appropriate, then the state court should decide the motion to dismiss. For the reasons discussed below, the motion to remand is denied.

## **I. DISCUSSION**

### **A. Background Facts**

In August 1995, plaintiff The Cadle Company ("Cadle"), an Ohio corporation, retained the services of defendant Reiner, Reiner & Bendett, P.C. ("Reiner"), a Connecticut law firm, to represent Cadle and its affiliates in various legal proceedings in Connecticut. (Compl. ¶¶ 1-3). Reiner agreed to Terms of Representation dated November 2, 1994, including the following:

> 11. All disputes as to any amounts charged or services rendered, or as to these Terms of Representation shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio.

(4:06 CV 1873)

(Compl. ¶¶ 4-5).

When Cadle allegedly failed to pay its legal fees, Reiner filed suit in the Superior Court of Connecticut to collect those fees.  Cadle, although served, failed to appear and suffered a default judgment in the amount of $40,757.67, entered on July 16, 2001.  (Compl. ¶¶ 6-9).  Subsequently, Reiner filed a judgment lien against Cadle's real property in Connecticut and, when Reiner filed an action to foreclose the lien, Cadle failed to appear.  Judgment of foreclosure was entered by default against Cadle.  (Compl. ¶¶ 10-12).

From attachments to the Motion to Dismiss (Doc. No. 2), the Court can tell that Cadle later moved unsuccessfully in the Connecticut courts to reopen and vacate the default orders in both the collection action and the foreclosure action.

In the instant action, which Cadle filed on June 30, 2006 in the Trumbull County Court of Common Pleas, Cadle claims that it was a breach of contract (specifically, a breach of the forum selection clause) for Reiner to proceed on its collection claim in the courts of Connecticut.  Cadle asserts that, as of May 9, 2006, it has expended $77,510.85 attempting to get the default judgments vacated.  Cadle wants this Court to award it damages in that amount, plus an additional $40,757.67 plus interest from July 16, 2001, all with interest from the date of judgment.

On August 4, 2006, Reiner removed the action to this Court on the basis of diversity of citizenship.  On the same day it filed its motion to dismiss.  Within ten days, this Court issued an order scheduling the Case Management Conference for September 26, 2006.

(4:06 CV 1873)

On September 1, 2006, Cadle filed the instant motion to remand and, a few days later, sought an extension of time to respond to Reiner's motion to dismiss until after the motion to remand was resolved.

This Court ruled, on September 12, 2006, that it would first address the motion to remand and only then, if the case were not remanded, would it address the motion to dismiss.

The motion to remand is at issue.

**B. Analysis**

Plaintiff argues that Reiner "waived its statutory right of removal by virtue of an enforceable forum selection clause."  (Motion at 1).  Defendant responds, first, that it has met the requirements for diversity jurisdiction and, second, that this is no more than a collateral attack on Connecticut judgments that should be given full faith and credit.

The Court will not address defendant's second argument at this time because it is an argument that should be addressed in the context of its motion to dismiss, a motion which is not yet fully briefed.

However, as to defendant's first argument, the Court agrees that Reiner has met the requirements for removal and diversity jurisdiction, notwithstanding the quoted forum selection clause.

The Sixth Circuit has ruled that, "although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal."  Regis Associates v. Rank Hotels, Ltd., 894 F.2d 193, 195 (6th Cir. 1990); accord In re Delta America Re Ins. Co., 900 F.2d 890, 892 (6th Cir.), cert. denied by Wright v. Arion Ins. Co., Ltd., 498 U.S. 890 (1990).

3

(4:06 CV 1873)

The forum selection clause here does not explicitly waive the right of removal. As emphasized by <u>Regis</u>, "[t]he right of removal is statutory and, generally, it is the waiver of a statutory right that must be set forth, not the intent to rely on the statute." 894 F.2d at 195.

Accordingly, the Court concludes that this action was properly removed and, therefore, denies plaintiff's motion to remand. (Doc. No. 8).

## II.  SUBSEQUENT PROCEEDINGS

Having determined that removal was appropriate, the next step is to decide Reiner's motion to dismiss. (Doc. No. 2). This motion has not been fully briefed.

Plaintiff shall file its response to the motion to dismiss by November 8, 2006 and defendant shall file a reply, if any, by November 15, 2006. Thereafter, the Court will promptly take the motion under advisement.

IT IS SO ORDERED.


  October 26, 2006                                  *s/ David D. Dowd, Jr.*
Date                                                          David D. Dowd, Jr.
                                                              U.S. District Judge

4