DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| The Cadle Company, | ) | |
| | ) | CASE NO. 4:06 CV 1873 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Reiner, Reiner & Bendett, P.C., | ) | (Resolving Doc. No. 2) |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is defendant's motion to dismiss (Doc. No. 2), plaintiff's memorandum in opposition (Doc. No. 17) and defendant's reply (Doc. No. 18).  For the reasons discussed below, the motion is granted.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

This case was originally filed in the Trumbull County Court of Common Pleas.  It was removed by the defendant on August 8, 2006, and the instant motion was filed.  Subsequently, plaintiff filed a motion to remand.  On October 26, 2006, the Court denied the motion to remand (see Doc. No. 16) and ordered briefing on the motion to dismiss.

In the Memorandum Opinion and Order denying the motion to remand, the Court set forth the following factual background, which is still relevant to the instant motion:

> In August 1995, plaintiff The Cadle Company ("Cadle"), an Ohio corporation, retained the services of defendant Reiner, Reiner & Bendett, P.C. ("Reiner"), a Connecticut law firm, to represent Cadle and its affiliates in various legal proceedings in Connecticut.  (Compl. ¶¶ 1-3).  Reiner agreed to Terms of Representation dated November 2, 1994, including the following:

(4:06 CV 1873)

> 11.     All disputes as to any amounts charged or services
> rendered, or as to these Terms of Representation shall be resolved in
> the Newton Falls, Ohio Municipal Court or the Trumbull County,
> Ohio Common Pleas Court, depending on the amount in controversy,
> and shall be resolved pursuant to the laws of the State of Ohio.
> (Compl. ¶¶ 4-5).
>
> When Cadle allegedly failed to pay its legal fees, Reiner filed suit in the
> Superior Court of Connecticut to collect those fees.  Cadle, although served, failed
> to appear and suffered a default judgment in the amount of $40,757.67, entered on
> July 16, 2001.  (Compl. ¶¶ 6-9).  Subsequently, Reiner filed a judgment lien against
> Cadle's real property in Connecticut and, when Reiner filed an action to foreclose
> the lien, Cadle failed to appear.  Judgment of foreclosure was entered by default
> against Cadle.  (Compl. ¶¶ 10-12).
>
> From attachments to the Motion to Dismiss (Doc. No. 2), the Court can tell
> that Cadle later moved unsuccessfully in the Connecticut courts to reopen and vacate
> the default orders in both the collection action and the foreclosure action.
>
> In the instant action, which Cadle filed on June 30, 2006 in the Trumbull
> County Court of Common Pleas, Cadle claims that it was a breach of contract
> (specifically, a breach of the forum selection clause) for Reiner to proceed on its
> collection claim in the courts of Connecticut.  Cadle asserts that, as of May 9, 2006,
> it has expended $77,510.85 attempting to get the default judgments vacated.  Cadle
> wants this Court to award it damages in that amount, plus an additional $40,757.67
> plus interest from July 16, 2001, all with interest from the date of judgment.

(Doc. No. 16, pp. 1-2).

## II.  THE PARTIES' ARGUMENTS ON MOTION TO DISMISS

Defendant raises three arguments in favor of dismissal: (1) this Court must give full faith

and credit to the judgment rendered by the Connecticut courts; (2) by failing to seek enforcement

of the relevant contract provision, Cadle waived its right to do so now; and (3) in the alternative,

Cadle was required to bring a counterclaim in the Connecticut court and is now barred from

doing so.

2

(4:06 CV 1873)

Plaintiff argues in response that, even if the Connecticut rulings are afforded full faith and credit, they do not operate as a res judicata bar to plaintiff's breach of contract claim because (1) Connecticut is a permissive counterclaim state; and (2) the breach of contract claim is wholly separate and distinct from the Connecticut courts' ruling that the forum selection clause did not divest the courts of Connecticut of personal jurisdiction over Cadle.  Plaintiff further argues that there is no waiver.

## III.  DISCUSSION

Although it is true, as plaintiff argues, that Connecticut is a permissive counterclaim state, Moye v. Credit Acceptance Corp., No. X01CV990157073, 2001 WL 589101, at *3 (Conn.Super. May 15, 2001), there is an exception to that rule.

> . . . As a general matter, in the absence of a compulsory counterclaim rule, a party is not precluded from subsequently maintaining an action on a claim where he failed, as a defendant, to interpose the claim as a counterclaim.  1 RESTATEMENT (SECOND), Judgments § 22 (1982).  A party will be precluded from maintaining an action on a claim which could have been interposed as a counterclaim but was not if "the relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action."  Id., at § 22(2).  See also DeMilo & Co. v. Commissioner of Motor Vehicles, 233 Conn. 281, 293 (1995) in which our Supreme Court, citing § 22(2) of the Restatement on Judgments, held that the failure of the plaintiff to raise certain issues as special defenses in an enforcement action barred the plaintiff, pursuant to the doctrine of res judicata, from raising the same issues as affirmative claims in an administrative appeal. The commentary to the Restatement, comment (f), and its illustrations, illustration 9, specifically identify as examples of situations barred by this res judicata rule a defendant to a judgment seeking to enjoin enforcement of the judgment or to recover on a restitution theory the amount paid pursuant to the judgment.  1 RESTATEMENT (SECOND), Judgments § 22 (1982), comment (f) and illustration 9.

City of Bridgeport v. C.R. Klewin Northeast, LLC, No. X06CV044000308S, 2005 WL 834349, at *3 (Conn.Super. March 3, 2005).

3

(4:06 CV 1873)

In this case, Cadle made the fatal mistake of choosing, despite having been served, <u>not</u> to appear to defend itself in the Connecticut action, apparently acting on principle based on the forum selection clause in the contract.  As a result, Cadle suffered a default judgment which it was subsequently unable to overturn, despite considerable efforts.  Under that default judgment, Cadle was to pay Reiner $40,757.67.  In the instant case, Cadle seeks to recover that entire amount plus its fees and costs expended in the Connecticut proceedings.  If Cadle were permitted to proceed in this Court and prevailed, the judgment "would nullify the initial judgment or would impair rights established in the initial action[.]"  In fact, this case is quite similar to Illustration 9 in the Restatement made reference to in the quote above:

> A brings an action against B for failure to pay the contract price for goods sold and delivered and recovers judgment by default.  After entry of final judgment and payment of the price, B brings an action against A to rescind the contract for mutual mistake, seeking restitution of the contract price and offering to return the goods.  The action is precluded.

1 RESTATEMENT (SECOND), Judgments § 22 (1982), comment (f) and illustration 9.

This Court finds no merit in Cadle's argument that it need not have brought a counterclaim in Connecticut and is, therefore, free to bring it now in this Court.

Cadle also tries to argue that the prior proceedings in Connecticut somehow dealt with a different subject matter.  It asserts that its breach of contract claim "is wholly separate and distinct from the Connecticut courts' ruling that the Forum Selection Clause did not divest the courts of Connecticut of personal jurisdiction over Cadle."  (Doc. No. 17, at 5).  This argument ignores the obvious: <u>after</u> the Connecticut court determined that there was personal jurisdiction over Cadle, it proceeded to enter a judgment, albeit a default judgment, on the <u>merits</u> of Reiner's

4

(4:06 CV 1873)

claim.  Under the full faith and credit clause, this Court must give effect to the Connecticut

courts' ruling.  Because the Connecticut courts ruled that the contractual forum selection clause

did not divest those courts of jurisdiction over Cadle, all the more reason that Cadle should have

appeared and defended itself.[1]  It chose not to and suffered a default judgment.  This Court does

not now sit to review the actions of the Connecticut courts.

### IV.  CONCLUSION

For the reasons discussed above, this Court must afford full faith and credit to the

decisions of the Connecticut courts which, because of Cadle's own inaction, are res judicata with

respect to Cadle and the issues raised in the current lawsuit.  Accordingly, defendant's motion to

dismiss (Doc. No. 2) is granted and this case will be dismissed with prejudice.

IT IS SO ORDERED.


  December 13, 2006                              *s/ David D. Dowd, Jr.*

Date                                       David D. Dowd, Jr.

                                          U.S. District Judge

---

[1] The Supreme Court of Connecticut pointed out that, if Cadle did not appear in the lower courts of Connecticut because of reliance on the forum selection clause, it was responsible for its own waiver of the right.  Rejecting Cadle's argument that the forum selection clause divested the trial court of personal jurisdiction in the collection action, the Court stated:  "[I]f [Cadle] wished to receive the benefit of the forum selection clause, it was obligated to seek enforcement of clause in a timely manner."  Reiner, Reiner and Bendett, P.C. v. The Cadle Company, 278 Conn. 92, 103, 897 A.2d 58, 65, n.10 (Conn. 2005).